UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RODNEY A. HUBBARD,

    Petitioner,

v.                                                               Case No. 2:11-CV-191

JEFFREY WOODS,                          HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 29, 2014, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's habeas petition. The Michigan Court of Appeals summarized the essential facts pertaining to Petitioner's conviction as follows:

> Defendant's convictions arise from the March 1999 shooting death of Raymond Davis. The crime remained unsolved for several years. In 2004, defendant's cellmate contacted the police and reported that defendant had bragged about committing the murder. The police subsequently provided the cellmate with a digital recording device, and defendant allegedly confessed to the crime during a recorded conversation with the cellmate. The recorded conversation was played for the jury at trial.

*People v. Hubbard*, No. 263300, slip op. at 1 (Mich. Ct. App. Jan. 25, 2007) (per curiam). After exhausting his claims in state court, Petitioner filed a habeas petition on May 18, 2011, raising several grounds for relief.

On March 12, 2012, after Respondent filed an answer to the petition, Petitioner filed a motion to stay to the proceedings to allow him to file a successive motion for relief from judgment in state court based on evidence he claimed was not available at trial, namely, the report of an expert witness in voiceprint analysis concluding that the voice on the tape recording was not that of

Petitioner. The magistrate granted the motion on March 30, 2012. Thereafter, Petitioner filed his successive motion in state court. The state court denied Petitioner's motion, concluding that the evidence was not new and, in any event, was inadmissible under Michigan law. The state court also rejected Petitioner's motion for reconsideration, noting that, in addition to the grounds previously cited for denial, there was substantial evidence at trial—including Petitioner's own admissions—that the voice on the tape was Petitioner's. Following this denial, Petitioner returned to this Court. After the parties filed additional briefs, the magistrate judge issued his R & R, recommending denial.

Petitioner has filed Objections to the R & R, urging the Court to reject it. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

Petitioner objects to the magistrate judge's conclusion that the state court reasonably concluded that Petitioner cannot show prejudice with regard to his ineffective assistance of counsel claim. Petitioner contends that, contrary to the R & R's conclusion, the Michigan Court of Appeals did not conclude that Petitioner could not show prejudice. The Court disagrees. In fact, the court specifically stated that "defendant has not satisfied the prejudice prong." The Court further concurs with the magistrate judge that the Michigan Court of Appeals' decision on Petitioner's ineffective assistance claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. Petitioner appears to suggest that in reviewing this claim, this Court may consider Petitioner's so-called newly-discovered evidence. However, the Supreme Court has made clear that in a case such as this, where the state court has made a merits determination, "a federal

habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, __ U.S.__, 131 S. Ct. 1388, 1400 (2011). The appellate court found a lack of prejudice because Petitioner failed to show that an analysis of the recording would demonstrate that the voice was not his. The Court further notes that, in denying Petitioner's subsequent motion for relief from judgment, the trial court concluded that in light of the substantial evidence at trial showing that Petitioner's voice was on the tape, Petitioner failed to show a "reasonable probability [that] in the absence of counsel's error, the result of the proceeding would have been different." Neither the appellate court's nor the trial court's conclusion as to lack of prejudice was unreasonable.[1]

For the same reasons, the Court concludes that the magistrate judge properly concluded that the Michigan Court of Appeals' decision regarding the denial of Petitioner's motion for a new trial was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.

Finally, Petitioner contends that the magistrate judge erred in adopting the trial court's view that the trial evidence, including Petitioner's own admissions, undermines his claim of innocence. The Court disagrees. The trial court and the R & R accurately characterized the trial evidence, including Petitioner's admissions.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth

---

[1] Petitioner requests that the Court find that his appellate counsel was ineffective for failing to provide evidence at or prior to Petitioner's appeal that the voice on the tape recording was not his. Petitioner never presented this ground to the state courts. Accordingly, any such claim is procedurally defaulted. *Powell v. Berghuis*, 560 F. App'x 442, 448 (6th Cir. 2013); *see also Zaveleta v. Bergh*, No. 12-15674, 2014 WL 4277846, at *7 (E.D. Mich. Aug. 31, 2014) ("Because Petitioner has not exhausted this claim in the state courts and he no longer has an available remedy by which to do so, the claim is now defaulted. When a habeas petitioner fails to properly present claims to the state courts and is barred from pursuing further relief under state law, he has procedurally defaulted those claims for purposes of federal habeas review.").

Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 29, 2014 (docket no. 53) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (docket no. 54) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: October 3, 2014                          /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE